UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL SURETY OF AMERICA,

    Plaintiff,

v.

JEANINE GRAY,

    Defendant.

Case No.17-10016
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE STIPULATED ORDER FOR DISMISSAL [22]**

On January 4, 2017, Universal Surety of America filed suit against Jeanine Gray seeking indemnification and damages for losses incurred due to Gray's alleged misuse of conservatorship funds. (R. 22-2, PageID.160.) Universal had issued a bond to allow Gray to qualify as conservator for Steven Malcomson in the Wayne County Probate Court. (R. 1, PageID.2.) But, said Universal, Gray misused the estate funds and failed to reimburse the estate despite being ordered to do so by the probate court. (R. 1-3, PageID.21.) Because Universal issued a bond backing Gray's conduct, Universal was required to reimburse the estate—$75,000 in total. (R. 1-7, PageID.34, 36.) As a result of the loss, Universal filed this suit seeking indemnification from Gray. (R. 1, PageID.1–2.)

The parties ultimately reached a settlement. (R. 22-2, PageID.157–63.) And, on November 17, 2017, the Court entered a Stipulated Order of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii). (R. 20, PageID.145.)

The parties' settlement agreement required Gray to comply with a schedule of payments to Universal. (R. 22-2, PageID.158.) The first payment was due March 1, 2018, in the amount of $3,000. *Id.* Gray failed to pay and was thus in default. (R. 22, PageID.152.) She failed to cure the

default. (*Id.*) The settlement agreement further provided that in the event of such default by Gray, Universal could file a stipulated order to set aside the order of dismissal. (R. 22, PageID. 151.) This Court, however, declined to enter the proposed order on procedural grounds. *See* Text Order, March 23, 2018. So on March 28, 2018, Universal filed the present motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the stipulated order of dismissal "in order to reopen this case and enforce the parties' settlement agreement." (R. 22, PageID.149, 152.) But Universal has not met its burden under the Rule. For the reasons that follow, Plaintiff's motion is DENIED.

**I.**

In deciding whether to reopen the case, the Court is aware that "[e]nforcement of [a] settlement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378 (1994); *see also Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 299 (4th Cir. 2000) ("[A] district court may not enforce a Settlement Agreement unless the agreement had been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction."); *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 501–02 (6th Cir. 2000) (explaining that Rule 60(b)(6) is not a "broad exception" to the jurisdictional requirements for enforcing settlement agreements). While the dismissal order here did not expressly retain jurisdiction to enforce the settlement agreement or incorporate the terms of the settlement, *Kokkonen*, 511 U.S. at 380-81, the Court appears to have jurisdiction based on diversity. *See Limbright v. Hofmeister*, 566 F.3d 672, 674-76 (6th Cir. 2009) (explaining that "a district court may rely on any basis of jurisdiction to summarily enforce a settlement agreement that produced the dismissal of an earlier federal suit," including diversity jurisdiction). The Court had jurisdiction over the original suit

based on complete diversity, (R. 1, PageID.2), and the amount in controversy in the settlement agreement also exceeds $75,000 (R. 22-2).

**II..**

But subject-matter jurisdiction does not resolve Universal's motion. The case has been unconditionally dismissed. So the issue becomes whether the case can be reinstated, i.e., the order of dismissal vacated, under Federal Rule of Civil Procedure 60(b)(6). *See Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 996 (6th Cir. 1987) (arguing that the holding in *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368 (6th Cir. 1976), did not imply "that a district court has jurisdiction to enforce a settlement agreement *without having vacated the prior unconditional order of dismissal with prejudice* and without having reopened the proceedings."); *McAlpin*, 229 F.3d at 503 (reaffirming the holding of *Hinsdale*, 823 F.2d at 996).

That rule states that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b). Although relief under 60(b)(6) is generally committed to the district court's discretion, *Ford Motor Co. v. Mustangs Unlimited, Inc.* (*Mustangs Unlimited I*), 487 F.3d 465, 470 (6th Cir. 2007), such relief should not be granted unless there is "an unusual and extreme situation[] where principles of equity *mandate* relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.* (*Mustangs Unlimited III*), 420 F. App'x 522, 529 (6th Cir. 2011) (internal quotations omitted) (emphasis in original). Because "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgment and termination of litigation," *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotations omitted), "the party seeking relief . . . bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-

*Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Universal has not made this showing.

Although "there are few cases that elaborate on" the precise requirements, *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002), motions for relief under Rule 60(b)(6) have been granted upon repudiation of a settlement agreement, *see, e.g.*, *Aro Corp.*, 531 F.2d at 1371, confusion regarding the terms of the agreement, *Mustangs Unlimited III*, 420 F. App'x at 530, contempt of a court order, *Lorillard Tobacco Co. v. Yazan's Service Plaza, Inc.*, No. 05-70804, 2009 WL 10696389, at *3 (E.D. Mich. Aug. 13, 2009), and egregious attorney conduct, *Doyle v. Mutual of Omaha Ins. Co.*, 504 F. App'x 380, 383 (6th Cir. 2012). Universal's motion does not include any such allegations.

Rather, Universal seeks reinstatement of the case based on Gray's breach of her obligations under the settlement agreement. (R. 22, PageID.152–153). But mere breach of a settlement agreement is an insufficient basis for this extreme relief. *Mustangs Unlimited III*, 420 F. App'x at 529; *see also Mustangs Unlimited I*, 487 F.3d at 470 (vacating district court's order to reopen suit as lower court failed to determine "whether—and if so, how" the apparent breach "establishe[d] extraordinary or exceptional circumstances sufficient to warrant Rule 60(b)(6) relief."). Resisting this conclusion, Universal relies on *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368 (6th Cir. 1976). But that case is distinguishable. There, the defendant "began questioning [the] terms" of the settlement agreement almost immediately after the suit was dismissed, which the court interpreted as a repudiation of the agreement. *Id.* at 1370–71. The distinction between mere breach and repudiation has since been reinforced and affirmed. *See Ford Motor Co. v. Mustangs Unlimited, Inc.* (*Mustangs Unlimited II*), No. 99-73933, 2007 WL 2584502, at *7–8 (E.D. Mich. Sept. 7, 2007), *aff'd*, 420 F. App'x 522 (6th Cir. 2011); *CJPS Healthcare Supplies & Equip. v. Ansar Med.*

*Tech., Inc.*, No. 12-14885, 2014 WL 3708612, at *6 (E.D. Mich. July 28, 2014). Universal alleges breach by Gray, not repudiation.

The facts here are more analogous to *CJPS Healthcare Supplies & Equipment*. There, too, the defendant failed to make required payments pursuant to a settlement agreement. 2014 WL 3708612, at *2. And even though the plaintiff also alleged that defendant never intended to abide by the agreement, the court found it fell short of "clear and convincing evidence of repudiation." *Id.* at *4. The court ruled that "the failure to pay, without more, does not constitute ground for relief" under Rule 60(b). *Id.* at *4, *6–7. So too here. *See also Deleon v. BBI Enters. Group, LP*, No. 1:03-cv-820, 2006 U.S. Dist. LEXIS 28625, at *4 (W.D. Mich. May 11, 2006) (finding "the case is not subject to reopening under Rule 60(b) of the Federal Rules of Civil Procedure, as a mere request to enforce a private settlement agreement does not constitute an extraordinary circumstance justifying relief under Rule 60(b).")

Finally, "Rule 60(b)(6) is a recourse of last, not first, resort." *G.G. Marck & Assocs. v. N. Am. Invs., Corp.*, 465 F. App'x 515, 518 (6th Cir. 2012). Thus, the availability of relief through a separate lawsuit weighs against the granting of Universal's motion. *See Mustangs Unlimited II*, 420 F. App'x at 529. Indeed, in *CJPS Healthcare*, the court considered the movant's ability to file a separate lawsuit to enforce the agreement a "significant factor weighing against awarding relief under 60(b)(6)." 2014 WL 3708612, at *7. By contrast, the *Mustangs Unlimited III* court found that filing a separate lawsuit was unlikely to result in sufficient relief because of the defendant's repeated violation of the settlement agreement. *Mustangs Unlimited III*, 420 F. App'x at 529. Universal provides no argument for why the relief available in a separate breach of contract case would be any different than the relief available in this case And the Court sees no significant

5

difference. Thus, the Court cannot find that "principles of equity *mandate* relief." *Mustangs Unlimited III*, 420 F. App'x at 529 (emphasis in original).

### III.

Because Universal has not proven that it is entitled to relief under Rule 60(b)(6), its motion to vacate the stipulated order for dismissal (R. 22) is DENIED.

SO ORDERED.

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

Dated: October 9, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, October 9, 2018, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager