UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNIVERSAL SURETY OF AMERICA,

    Plaintiff,

v.

JEANINE GRAY,

    Defendant.

Case No.17-10016
Honorable Laurie J. Michelson

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER [26]**

    Universal Surety of America sued Jeanine Gray seeking indemnification for losses incurred due to Gray's alleged misuse of conservatorship funds. The parties reached a settlement agreement and the case was dismissed pursuant to a stipulated order that did not explicitly provide for the court's retention of jurisdiction over the settlement agreement. (ECF No. 20.) Gray then allegedly defaulted on that agreement. So on March 28, 2018, Universal filed a motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the stipulated order of dismissal "in order to reopen this case and enforce the parties' settlement agreement." (ECF No. 22, PageID.149, 152.) The Court found that Universal failed to meet its burden under Rule 60(b)(6) and denied the motion. (ECF No. 24.)

    Undeterred, Universal moves again under Rule 60(b)(6) and asks that the Court set aside both its order denying Universal's motion to vacate and its order of dismissal and enter a consent judgment to enforce the settlement agreement. (ECF No. 26.)

    For the reasons that follow, Universal's motion is DENIED.

# I.

Federal Rule of Civil Procedure 60 provides grounds for relief from a judgment or order. Fed. R. Civ. P. 60. Those grounds include mistake, fraud, newly discovered evidence, and that the judgment is void or satisfied. Fed. R. Civ. P. 60(b). The Rule also contains the catchall for "any other reason that justifies relief." Fed. R. Civ. P 60(b)(6). And although relief under 60(b)(6) is generally committed to the district court's discretion, *Ford Motor Co. v. Mustangs Unlimited, Inc.* (*Mustangs Unlimited I*), 487 F.3d 465, 470 (6th Cir. 2007), such relief should not be granted unless there is "an unusual and extreme situation[] where principles of equity *mandate* relief." *Ford Motor Co. v. Mustangs Unlimited, Inc.* (*Mustangs Unlimited III*), 420 F. App'x 522, 529 (6th Cir. 2011) (internal quotations omitted) (emphasis in original). Because "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgment and termination of litigation," *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotations omitted), "the party seeking relief . . . bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Universal has not made this showing.

Universal first argues that setting aside the Court's two prior orders "will result in termination of this litigation." (ECF No. 26, PageID.191.) So the public policy favoring the finality of judgment is satisfied. Universal explains, "setting aside this Court's prior Orders will result in the entry of a Consent Judgment, which will finally conclude the litigation between Universal and Ms. Gray." (ECF No. 26, PageID.192.) But the public policy is one that *circumscribes* the application of the Rule. In other words, the public policy in favor of finality of judgment weighs against setting aside the judgment because it is re-opening the case. The litigation is finished

because the Court entered judgment. The policy is inapplicable where Universal wishes that the judgment be set aside and the Court enter a different, more preferential judgment.

Universal also argues that requiring it to file a new lawsuit over the breach of the agreement is a waste of judicial and party resources. (ECF No. 26, PageID.192.) And that setting aside the stipulated order of dismissal and entering a consent judgment "will satisfy and promote the Sixth Circuit's expressed public policy of upholding settlement agreements, favoring finality, and terminating litigation whenever possible." (ECF No. 26, PageID.192.) Aside from the fact that Universal does not cite any case law or other legal authority to support this general assertion, this argument does not apply to or engage with the Rule 60(b)(6) factors. As the Court discussed in its prior opinion, mere breach of a settlement agreement is an insufficient basis for this extreme relief. *See Mustangs Unlimited III*, 420 F. App'x at 529; *Mustangs Unlimited I*, 487 F.3d at 470. At bottom, Universal failed to include language in the final order that the Court would retain jurisdiction over the settlement agreement and Universal does not, nor does it appear that it can, argue that this amounts to an "unusual or extreme situation that mandates relief." *Mustangs Unlimited III*, 420 F. App'x at 529.

Universal's second argument is that the prior orders should be set aside "in the interests of justice." (ECF No. 26, PageID.193.) This also does not engage with Rule 60(b)(6) caselaw. Instead, Universal's argument relies on a line from a Fourth Circuit case, cited favorably in *Mustangs Unlimited I*, 487 F.3d at 470, stating that a trial court should consider whether granting a Rule 60(b)(6) motion would "further justice." *See Harman v. Pauley*, 678 F.3d 479, 481 (4th Cir. 1982) (citing *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368 (6th Cir. 1976)). But *Harman* included this language to counter an argument that a court should grant a Rule 60(b)(6) motion whenever a party breached a settlement agreement. *Id*. So it is not the case that a court *only* considers whether

setting aside a judgment would further justice. Indeed, that runs counter to Sixth Circuit caselaw, set out in this Court's prior opinion, which requires that the moving party establish, by clear and convincing evidence, that this is an extreme and unusual situation that mandates relief. *See Mustangs Unlimited III*, 420 F. App'x 522, at 529.

Further, Universal's argument that the interests of justice mandate that judgment be set aside is unpersuasive. Its argument boils down to having to file a new lawsuit for breach of the settlement agreement. But merely having to commence a new lawsuit to enforce the agreement weighs against, not in favor of, applying Rule 60(b)(6). *See Mustangs Unlimited II*, 420 F. App'x at 529; *CJPS Healthcare Supplies & Equip. v. Ansar Med. Tech., Inc.*, No. 12-14885, 2014 WL 3708612, at *6 (E.D. Mich. July 28, 2014).

As the Court explained in its prior opinion, consistent with Rule 60(b)(6) being a form of "extreme" relief, mere breach of a settlement agreement will not justify relief from judgment. *See Mustangs Unlimited III*, 420 F. App'x at 529; *Mustangs Unlimited I*, 487 F.3d at 470. Instead, courts have required more, such as when a party repudiates an agreement. *See Ford Motor Co. v. Mustangs Unlimited, Inc.* (*Mustangs Unlimited II*), No. 99-73933, 2007 WL 2584502, at *7–8 (E.D. Mich. Sept. 7, 2007), *aff'd*, 420 F. App'x 522 (6th Cir. 2011); *CJPS Healthcare*, 2014 WL 3708612, at *7.

Picking up this thread, Universal now argues that Gray has repudiated the agreement. As support, it points to Gray's lack of communication and failure to comply with the agreement. (ECF No. 26, PageID.194–195.) But failing to comply with the agreement is another way of stating that she breached the agreement. And, without more, the Court will not construe Gray's silence as a repudiation of the agreement as opposed to mere breach. There is nothing in the record, for

4

example, to suggest Gray believes the agreement is somehow invalid or improper or that she has no intention of complying with it, as opposed to being financially incapable of doing so.

Although Universal may need to incur some additional costs to pursue a breach of contract lawsuit against Gray, Universal has failed to establish, through clear and convincing evidence, that this is "an unusual and extreme situation[] where principles of equity *mandate* relief." *Mustangs Unlimited III*, 420 F. App'x at 529.

## II.

Because Universal has not proven that it is entitled to relief under Rule 60(b)(6), its motion to vacate the court's prior order and set aside the stipulated order of dismissal is DENIED.

IT IS SO ORDERED.

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

Date: April 2, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, April 2, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

> s/William Barkholz
> Case Manager